IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-2373-CMA-MEH

ROCKLYN F. HOLMES

    Plaintiff,

v.

CAPITAL ONE BANK, (USA), N.A.,
JACQUES A. MACHOL, III, an individual, and
LINEBARGER GOGGAN BLAIR & SAMPSON, a limited liability partnership,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 0 5 2008

GREGORY C. LANGHAM
CLERK

---

**Plaintiffs Responses to Pending Motions To Dismiss**

---

**General Comments and Statement Of Facts**

1. Plaintiff by and through their attorney(s) filed with the District Court, El Paso County, Colorado on June 26, 2008, (Case No. 08cv3494) A Summons & Complaint against Rocky Holmes. Plaintiff by and through their attorney(s) are now trying to assert an {aka} defense against Rocklyn F. Holmes. Plaintiff by and through their attorney(s) have failed to properly reflect and or positively identify a correct Defendant subject to this civil action. Civil Case was brought against me in bad faith {mala fide} by above defendants,

2. Plaintiff, and or Plaintiff's attorneys, in respect to (Civil Case No. 08cv3494) have failed to provide to the Court that Rocklyn F. Holmes entered into any binding and legally enforceable contractual obligation with Plaintiff in respect to Case No 08cv3494. Hence my filing of Case No. 08cv433 against Defendants listed above. Plaintiff by and through their attorney(s) have failed miserably in their ability for production of a signed contract, note, or other instrument that bears the signature of Rocklyn F. Holmes. Without production of same said contract, complaint, along with specified statements contained in complaint are invalid. Hence I filed Case No. 08cv433 against Defendants noted above.

3. Under Colorado Law: Mutual Assent (Meeting of the Minds); the parties to a contractual agreement must voluntary consent to the creation of the agreement. Again, Plaintiff, by and through their attorney(s) regarding Case No. 08cv3494, fail to provide proof that Rocklyn F. Holmes entered into any legally binding agreement as outlined in Plaintiff's complaint.

4. Plaintiff, by and through their attorney(s) assert "Breach of Contract" allegations as referenced in their respective complaint in respect to Case No. 08cv3494. Under Colorado Law: A contract is defined as a promise or set of promises for which the law gives a remedy, or the performance of which the law, in some way recognizes as a duty. Therefore, by establishing a mutual agreement, the parties to a contract create enforceable duties or obligations that are legally binding. Plaintiff, by and through their attorney(s) fail to provide to the Court, documents that clearly reflect that Rocklyn F. Holmes entered into any relationship or agreement with Plaintiff. The allegations as provided by Plaintiff have no factual or legal basis. In settling "Breach of Contract" disputes, the Courts look to see if parties were in actual agreement, if there was a genuine meeting of the meeting of the minds... for unless there is an agreement there is no contract.

5. Regarding Case No. 08cv3494, Plaintiff, by and through their attorney(s) have provided to the Court in the form of a "Disclosure Statement" a plethora of documents; i.e. Copies of Account Summaries, Statements, and or drafts. Unfortunately, none of the supplied documents provide preponderance of proof to the Court that Rocklyn F. Holmes entered into any type of legally enforceable obligation with Plaintiff.

6. Linebarger Goggan Blair & Sampson clearly identify themselves as "debt collectors" in their first initial contact letter dated 3/21/08. They also clearly identify themselves as "Debt Collectors" in their respective letter dated 7/22/08. They also clearly identify themselves as a "Debt Collection Attorney Firm". Their letters provide a breakdown of balance due. In addition, they reference that checks should be made payable to Linebarger Goggan Blair & Sampson. Summons and Complaint filed with the Court on June 26, 2008 identifies CAPITAL ONE BANK as the Plaintiff. Again the correspondence from the law firm dated 7/22/08 clearly identifies them as a debt collector (Third party). A misrepresentation of facts as to whom plaintiff is constitutes fraud. If the Plaintiff in a lawsuit is truly a third party, (not the original creditor), basically everything they say in court should be ruled as hearsay. Therefore, Defendant moves the Court to grant my motion to Dismiss with Prejudice.

7. As Linebarger Goggan Blair & Sampson have clearly identified themselves as "Debt Collector's", all rules under FDCPA apply. They've clearly said they were a debt collector. They are clearly not Capital One Bank's in-house collections division. They are a third party debt collector. Period. If they didn't think they needed to follow the law under the FDCPA, they wouldn't use FDCPA-mandated language in their respective correspondence. {Validation of debt under FDCPA applies to Defendants}

## Conclusion

Plaintiff in this civil matter moves the Court to dismiss Defendants Motion to Dismiss. Plaintiff in this civil matter motions the Court to allow my Summons and Complaint against above named Defendants to stand.

Plaintiff has "plausibly" supported a legal claim for relief.

Plaintiff is looking to the courts to construe my pleadings liberally.

Plaintiff's complaint against above defendants is clear and supported.

Plaintiff is not looking to the court to supply or assume any facts other that what I have stated in my complaint and my answer to Defendants Motion to Dismiss.

Plaintiff's complaint and statements in this motion are concrete and factual.

Dated: December 4, 2008

                                                                                       s/Rocklyn F. Holmes
Rocklyn F. Holmes
5715 Will Clayton # 6829
Humble, TX 77338
Telephone: (719) 650-5638
E-mail: hmaxrock@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December, 2008 A true and correct copy of the foregoing **MOTION FOR ALTERNATIVE DISPUTE RESOLUTION** to be placed in the United States mail, postage prepaid, addressed to the following:

Sarah A. Mastalir
Attorney for Defendants
FAEGRE & BENSON LLP
1700 Lincoln St. Suite 3200
Denver, Colorado 80203

                                                                                       s/Rocklyn F. Holmes
Rocklyn F. Holmes